Filed in Open Court
1/10/08

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-91-2 SLR |
| | ) | |
| CHRISTOPHER J. PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Christopher J. Phillips, by and through the defendant's attorney, Raymond M. Radulski, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant shall waive indictment and enter a guilty plea to a one count Information, charging Distribution of Child Pornography, a violation of Title 18, United States Code, Section 2252A(a)(1) and (b)(1), which carries a maximum penalty of not less than 5 years imprisonment and not more than 20 years imprisonment, a $250,000.00 fine, a life term of supervised release, or any or all of the above, and a special assessment of $100. At sentencing the United States will move to dismiss the Indictment as it relates to and charges the defendant.

2.  The defendant acknowledges that the elements of the offense are as follows:

    a.  Acting knowingly

    b.  the defendant transmitted child pornography, defined as a visual depiction of a minor engaged in an actual or simulated sex act and/or the lascivious exhibition of the genitals or pubic area,

    c.  in interstate commerce by computer.

The defendant admits that on or June 16, 2006, he used an Internet connected computer to have an online chat conversation with Paul R. Thielemann (Thielemann), a separately indicted co-conspirator, during which they also used web cams to view each other. While transmitting on web cam to Thielemann, the defendant had on his lap a minor, visible to Thielemann, and at Thielemann's encouragement and inducement the defendant did simulate masturbation of the minor, and did pose the minor in order to effect the lascivious exhibition of the minor's pubic area.

3.  The defendant agrees to pay the special assessment on the day of sentencing. If the Court orders the payment of any fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

4.  The defendant acknowledges that he has been put on notice that the Government will argue at sentencing that the Court should calculate the defendant's Guideline range under U.S.S.G. Section 2G2.1, pursuant to the cross-reference set forth in Section 2G2.2(c).

5.  Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing

a two-level reduction for acceptance of responsibility under U.S.S.G. Section 3E1.1(a). If the defendant's offense level is 16 or greater, the United States will move for an additional one point reduction, pursuant to U.S.S.G. Section 3E1.1(a) and (b).

6. The defendant agrees to forfeit to the Delaware State Police and to United States his interest in all computer hardware [except web-cam) DVD Camera], software, and storage media taken from the defendant's home by DSP officers on or about March 8, 2007.

7. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

8. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements

made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

                                      COLM F. CONNOLLY
                                      United States Attorney

_____   By: _____
Raymond M. Radulski, Esquire             Edmond Falgowski
Attorney for Defendant                       Assistant United States Attorney

_____
Christopher J. Phillips
Defendant

Dated: 1-10-08

AND NOW this ___10th___ day of ___January___, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                      _____
                                      HONORABLE SUE L. ROBINSON
                                      United States District Court